Case 3:22-cv-01896-M   Document 1-5   Filed 08/26/22   Page 1 of 11   PageID 14

FILED
6/21/2022 11:47 PM
JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY

EXHIBIT 5

CC-22-03246-D

CAUSE NO. _____

| | | |
|---|---|---|
| TIMOTHY NAPOLEON, II, AND<br>LA DERIKA L. JONES,<br>    *Plaintiffs*, | § § § § | IN THE COUNTY COURT |
| v. | § § | AT LAW NO. _____ |
| DANNY HERMAN TRUCKING, INC.,<br>AND RAMON E. CASIANO,<br>    *Defendants*. | § § § | DALLAS COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL PETITION AND JURY DEMAND

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COME** TIMOTHY NAPOLEON, II and LA DERIKA L. JONES (hereafter collectively "Plaintiffs"), complaining of DANNY HERMAN TRUCKING, INC. and RAMON E. CASIANO (hereafter collectively "Defendants"), and files this Plaintiffs' Original Petition and Jury Demand, and in support thereof, would respectfully show unto the Court as follows:

### DISCOVERY CONTROL PLAN LEVEL

1.      Plaintiffs bring this action under Texas Rule of Civil Procedure 47(c)(3) and seek monetary relief over $250,000.00 but not more than $1,000,000. Plaintiffs intend that discovery be conducted under Discovery Level 3.

### PARTIES

2.      Plaintiff, **TIMOTHY NAPOLEON, II,** is an individual residing in Dallas County, Texas. Pursuant to §30.014 of the Texas Civil Practice & Remedies Code, Plaintiff states that the last three digits of his driver license are 257 and the last three digits of his social security number are 167.

3. Plaintiff, **LA DERIKA L. JONES,** is an individual residing in Dallas County, Texas. Pursuant to §30.014 of the Texas Civil Practice & Remedies Code, Plaintiff states that the last three digits of her driver license are 717 and the last three digits of her social security number are 964.

4. Defendant, **DANNY HERMAN TRUCKING, INC.**, is a foreign for-profit corporation doing business in the State of Texas, and may be served with process by serving its registered agent: **Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218,** or wherever the agent may be found. **Issuance of a citation is requested at this time to include language that "Defendants may be required to make initial disclosures."**

5. Defendant, **RAMON E. CASIANO**, is an individual who is a nonresident of Texas, whose home address is **20728 W. Thomas Road, Buckeye, Maricopa County, Arizona 85396-1568,** and may be served with process by serving the **Chairman of the Texas Transportation Commission at 125 E. 11th Street, Austin, Texas 78701,** as Defendant's agent for service because Defendant was a party to a collision while operating a motor vehicle in Texas. **Issuance of citation is requested at this time to include language that "Defendant may be required to make initial disclosures."**

## JURISDICTION AND VENUE

6. The subject matter in controversy is within the jurisdictional limits of this Court.

7. This Court has jurisdiction over the parties, because said Defendants purposefully availed themselves of the privilege of conducting activities in the State of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendants, and the assumption of jurisdiction over Defendants will not offend traditional notions of fair play and substantial justice

and is consistent with the constitutional requirements of due process.

8. Further, as required by Rule 47(b), Texas Rules of Civil Procedure, Plaintiffs' counsel states that the damages, harms and losses sought are in an amount within the jurisdictional limits of this Court. Plaintiffs are required by Rule 47(c), Texas Rules of Civil Procedure to state the amount of damages, in dollar amount, that represent Plaintiffs' harms and losses due to the negligence of the Defendants. The legislative history of this requirement indicates that it is for record keeping and statistical purposes only for lawsuits filed in the State of Texas. Plaintiffs' counsel states that Plaintiffs seeks monetary relief, the maximum of which harms, losses and damages to Plaintiffs is over $1,000,000. The amount of monetary relief actually assessed by the jury or judge, however, will ultimately be determined by a jury or judge after hearing all of the evidence of harms, damages and losses. Plaintiffs also seek pre-judgment and post-judgment interest at the highest legal rate as well as exemplary damages.

9. Pursuant to Texas Civil Practices and Remedies Code § 15.002, *et seq.*, venue is proper in Dallas County, Texas because it is the county where all or a substantial part of the events or omissions giving rise to this lawsuit occurred.

## **MISNOMER/ALTER EGO**

10. In the event any parties are misnamed or are not included herein, it is Plaintiffs' contention that such was a "misidentification," "misnomer," and/or such parties are/were "alter egos" of parties named herein. Alternatively, Plaintiffs contends that such "corporate veils" should be pierced to hold such parties properly included in the interest of justice.

## **FACTUAL BACKGROUND**

11. On or about June 18, 2020, Plaintiff TIMOTHY NAPOLEON, II was driving a 2013 White Nissan Altima, while Plaintiff LA DERIKA JONES was riding as a passenger.

Plaintiffs were traveling westbound on the IH-20 Frontage Road at the intersection with 7400 Bonnie View Road in Dallas, Dallas County, Texas. Defendant RAMON E. CASIANO was operating a 2020 Blue Kenworth commercial vehicle, pulling a 2015 Black Trailer, owned by and while in the course and scope of employment with Defendant DANNY HERMAN TRUCKING, INC. Defendant CASIANO was also traveling westbound on IH-20 Frontage Road ahead of Plaintiffs when he came to a stop at the red traffic light controlling the intersection. Defendant CASIANO proceeded to make a right turn on red, to go northbound on Bonnie View Road and as Defendant made his right turn, Plaintiff NAPOLEON stopped his vehicle at the red traffic light. Defendant CASIANO's negligence in his failure to keep a proper lookout, failure to control his vehicle, and cutting the turn too short, proximately caused the trailer of Defendant's 18-wheeler to strike and drag Plaintiff's vehicle, causing said collision and damages suffered by Plaintiffs.

## **RESPONDEAT SUPERIOR**

12. The employees, and/or actual, apparent, ostensible or estoppel agents and/or representatives of Defendant DANNY HERMAN TRUCKING, INC., were acting in the course and scope of their respective employment and were within Defendant's general authority, in furtherance of Defendant's business, and for the accomplishment of the object for which Defendant's employees, agents, and/or representatives were hired. Defendant is therefore liable under the theory of *Respondeat Superior*. Therefore, Defendant is liable to Plaintiffs for the damages proximately caused by the acts and omissions of their employees, and/or actual, apparent, ostensible or estoppel agents and/or representatives, specifically Defendant RAMON E. CASIANO.

## NEGLIGENT HIRING/SUPERVISION/TRAINING/RETENTION

13. Defendant DANNY HERMAN TRUCKING, INC., had a legal duty to exercise the high degree of care to hire, supervise, train and/or retain competent employees. Defendant breached the duty when Defendant negligently hired, supervised, trained, and/or retained Defendant RAMON E. CASIANO that caused the collision with Plaintiffs' vehicle. Defendant's breach of duty to hire, supervise, train, and/or retain competent employees proximately caused injury to Plaintiffs which resulted in damages Plaintiffs are now complaining of.

## PLAINTIFF'S CLAIM OF NEGLIGENCE AND NEGLIGENCE PER SE AGAINST DEFENDANT RAMON E. CASIANO

14. Defendant had a duty to exercise the degree of care that a reasonably careful person would use to avoid harm to others under circumstances similar to those described herein.

15. Defendant's negligent, careless and reckless disregard of said duty proximately caused Plaintiff's injuries.

16. The negligent, careless and reckless acts of Defendant consisted of, but is not limited to, the following acts and omissions:

    a) In that Defendant failed to keep a proper lookout for Plaintiff's safety that would have been maintained by a person of ordinary prudence under the same or similar circumstances;

    b) In that Defendant operated the motor vehicle at a rate of speed which was greater than that which would have been operated by a person of ordinary prudence under the same or similar circumstances;

    c) In that Defendant drove his vehicle recklessly on the occasion in question;

    d) In that Defendant failed to apply the brakes to the motor vehicle in a timely and prudent matter proximately causing the collision in question;

    e) In that Defendant failed to maintain proper control of his vehicle;

    f) In that Defendant failed to take proper and safe evasion action so as to avoid the collision in question;

  g)  In that Defendant made a wide right turn when it was clearly unsafe to do so; and,

  h)  In that Defendant failed to bring the motor vehicle to a complete safe stop to avoid the collision in question.

17. The above acts and/or omissions were singularly and/or severally a proximate cause of the occurrence in question and the resulting injuries and/or damages to Plaintiff.

18. Further, Defendant failed to exercise the mandatory standard of care in violation of V.T.C.A. Transportation Code pursuant to the doctrine of *negligence per se*, which mandates that:

  **§545.351** **MAXIMUM SPEED REQUIREMENT,** which provides that, "(a) An operator may not drive at a speed greater than is reasonable and prudent under the circumstances then existing."

  **§545.401(a)** **RECKLESS DRIVING**, which provides that, "A person commits an offense if the person drives a vehicle in a willful or wanton disregard for the safety of persons or property."

19. These statutes are designed to protect a class of persons to which Plaintiffs belong against the type of injury suffered by Plaintiffs.

20. Defendant's violation of the Texas Transportation Code sections described above was without a legal excuse and Defendant's breach of the duties imposed by these statutes proximately caused injuries to Plaintiffs.

21. Defendant's conduct described herein constitutes an unexcused breach of the duty imposed on the occasion in question by the negligent and careless acts listed above, which are a proximate cause of the occurrence and the resulting injuries and damages to Plaintiffs.

22. The above acts and/or omissions are singularly and/or severally a proximate cause of the occurrence in question and the resulting injuries and/or damages to Plaintiffs.

## DAMAGES – TIMOTHY NAPOLEON, II

23. As a direct and proximate result of the Defendants' negligence, Plaintiff was caused to suffer serious bodily injury and damages, and to incur the following damages:

   a. Medical care expenses sustained in the past;

   b. Medical care expenses that, in reasonable probability, Plaintiff will sustain in the future;

   c. Physical pain and mental anguish sustained in the past;

   d. Physical pain and mental anguish which, in reasonable probability, will be suffered in the future;

   e. Physical impairment in the past;

   f. Physical impairment which, in reasonable probability, will be suffered in the future;

   g. Loss of earnings in the past;

   h. Loss of earnings that, in reasonable probability, Plaintiff will sustain in the future;

   i. Loss of earning capacity in the past; and

   j. Loss of earning capacity that, in reasonable probability, Plaintiff will sustain in the future.

24. Alternatively, if the evidence demonstrates that prior to the occurrence in question that Plaintiff had pre-existing conditions, such conditions at the time of the occurrence were latent, controlled and/or non-debilitating, and the occurrence has aggravated and accelerated those conditions and/or made Plaintiff more vulnerable and re-disposed to subsequent injury and to the effects of subsequent stressors and injuries.

25. As a further direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff was caused to suffer the following damages:

      A.      Property damage and/or total loss to his 2013 White Nissan Altima vehicle;

      B.      Depreciation of value to his 2013 White Nissan Altima vehicle; and

      C.      Loss of use of his 2013 White Nissan Altima vehicle, including but not limited to, towing and rental expenses, and storage fees.

26. For the above reasons, Plaintiff has suffered losses and damages in a sum within the jurisdictional limits of the Court and for which this lawsuit is brought.

### DAMAGES – LA DERIKA L. JONES

27. As a direct and proximate result of the Defendants' negligence, Plaintiff was caused to suffer serious bodily injury and damages, and to incur the following damages:

      k.      Medical care expenses sustained in the past;

      l.      Medical care expenses that, in reasonable probability, Plaintiff will sustain in the future;

      m.      Physical pain and mental anguish sustained in the past;

      n.      Physical pain and mental anguish which, in reasonable probability, will be suffered in the future;

      o.      Physical impairment in the past;

      p.      Physical impairment which, in reasonable probability, will be suffered in the future;

      q.      Loss of earnings in the past;

      r.      Loss of earnings that, in reasonable probability, Plaintiff will sustain in the future;

      s.      Loss of earning capacity in the past; and

      t.      Loss of earning capacity that, in reasonable probability, Plaintiff will sustain in the future.

28. Alternatively, if the evidence demonstrates that prior to the occurrence in question that Plaintiff had pre-existing conditions, such conditions at the time of the occurrence were

latent, controlled and/or non-debilitating, and the occurrence has aggravated and accelerated those conditions and/or made Plaintiff more vulnerable and re-disposed to subsequent injury and to the effects of subsequent stressors and injuries.

29. For the above reasons, Plaintiff has suffered losses and damages in a sum within the jurisdictional limits of the Court and for which this lawsuit is brought.

### REQUIRED DISCLOSURES

30. Pursuant to Texas Rules of Civil Procedure 190 and 194, Defendants may be required to make initial disclosures, due within 30 days after the first answer is filed, unless otherwise agreed or changed by court order.

### INTENT TO USE DEFENDANTS'S DOCUMENTS

31. In accordance with the Texas Rule of Civil Procedure 193.7, any documents produced by Defendants in response to written discovery will be used by Plaintiffs at any pre-trial proceeding or trial.

### INTENT TO USE U.S. LIFE TABLES

32. Plaintiffs hereby notify the Defendants of their intent to use U.S. Life Tables as published by the U.S. Government in the trial of this matter.

### JURY DEMAND

33. Plaintiffs hereby demand a trial by jury on all issues herein and tender the appropriate jury fee with this original petition.

34. Plaintiffs have met all conditions precedent to the filing of this lawsuit.

### DESIGNATED ESERVICE EMAIL ADDRESS

35. The following is the undersigned attorney's designation of electronic service email address for all electronically served documents and notices, filed and unfiled, pursuant to

Tex. R. Civ. P. 21(f)(2) & 21(a): **eservice@kastllaw.com**. This is the undersigned's ONLY electronic service email address, and service through any other email address will be considered invalid.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs requests that Defendants be cited to appear and answer herein, and that upon a final trial and hearing, Plaintiffs have judgment against Defendants, jointly and severally, for damages for monetary relief over $250,000 but not more than $1,000,000, which is within the jurisdictional limits of the Court; together with pre-judgment interest from the date of injury through the date of judgment at the maximum rate allowed by law; post-judgment interest at the highest legal rate until the time the judgment is paid; costs of court; and such other and further relief to which Plaintiffs may be justly entitled at law or in equity.

Respectfully submitted,

**KASTL LAW, P.C.**

*/s/ Kristina N. Kastl*
**Kristina N. Kastl**
State Bar No. 24025467
Email: eservice@kastllaw.com
Email: kkastl@kastllaw.com
**Marcos Soto**
State Bar No. 24127678
Email: msoto@kastllaw.com
4144 North Central Expressway, Suite 1000
Dallas, Texas 75204
Phone: (214) 821-0230
Fax: (214) 821-0231

**ATTORNEYS FOR PLAINTIFFS**

**\*Please note and document Kastl Law, P.C.'s new e-serve address. All future e-serve notifications must be served at: eservice@kastllaw.com.**

**Service is only effectuated if it is served through our <u>eservice@kastllaw.com</u> email. Any other Kastl Law, P.C. email is considered ineffective service.**